SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 10 2006
J.T. NOBLIN, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

MICHAEL E. STEWART

VERSUS

J.E. BORRIES, INC.

CIVIL ACTION NUMBER: 1:06cv187 LG-RHW

SECTION:

MAGISTRATE: JUDGE:

---

**COMPLAINT**

The complaint of **MICHAEL E. STEWART**, a major individual, and a citizen of the State of Mississippi, respectfully represents:

1.

This Honorable Court has jurisdiction over this civil action pursuant to maritime jurisdiction, 28 U.S.C. § 1333. Additionally, this Court has jurisdiction over this civil action in accordance with 28 U.S.C. § 1331, as it arises under a law of the United States, specifically 46 U.S.C. § 688, commonly known as the "Jones Act".

2.

Made defendant herein is J.E. Borries, Inc., a corporation which is believed to be incorporated in and have its principal place of business in the State of Mississippi.

3.

Plaintiff was employed by defendant J.E. Borries, Inc., and served aboard vessels owned and operated by that defendant, and sustained injuries while serving

aboard Defendant's vessels in the manner described more fully hereinbelow.

4.

On or about December 3, 2003, plaintiff, Michael E. Stewart, was employed by defendant, J.E. Borries, Inc., as a seaman and member of the crew of vessels owned and operated by defendant and was, at all times pertinent hereto a "seaman" for purposes of the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

5.

On or about December 3, 2003, plaintiff was acting in the course and scope of his employment as a seaman and member of the crew of the defendant's vessels, an eighty (80) foot materials barge and a forty (40) foot spud barge, owned, operated, and in command and control of his employer, J.E. Borries, Inc., which were located in navigable waters of the United States at all times pertinent hereto.

6.

While acting within the course and scope of his employment aboard the Defendant's vessels, on or about December 3, 2003, plaintiff was performing his assigned duties and was injured in the following manner: Plaintiff, Michael E. Stewart and his brother, James Stewart, had been hired by the defendant, J.E. Borries, Inc., to work on a job involving the building of a pier at a private residence on the Biloxi Back Bay which job necessitated, in order to accomplish the tasks involved in this particular project, the use of the two vessels owned, operated and under the command of the defendant, J.E. Borries, Inc.; Plaintiff and his brother were trying to move three by twelve treated boards to set up the walkways and the framework on the pier and were required to move a stack of two by twelves off of the boards they were trying to move. The job proved to be made more cumbersome

as some of the boards were jammed and Plaintiff and his brother were working together to try to get the boards they were trying to move from the material on top of them in order to move them to the required place and at that time an employee of defendant, J.E. Borries, Inc., one Mike Clancey, who was up to that point sitting in the crane on the eighty (80) foot crane barge, walked across the pier, got on the forty (40) foot barge, physically pushed his brother out of the way, and, with a burst of profanity at Plaintiff and his brother jerked the board up defectively leaving all of the weight of the other end of the board on Plaintiff, at which time Plaintiff felt an acute pain in his back and so stated to the said Mike Clancey, who was the foreman on the job. Plaintiff notes he had a previous arm injury while working for this same company, and the said Mike Clancey knew all of the details about that injury and also knew that Plaintiff's left arm was weakened because of that injury, but nonetheless, did the physical act referred to hereinabove, thereby deliberately and intentionally causing Plaintiff the physical harm which ultimately lead to his present serious and debilitating physical condition.

7.

As a result of this incident, Plaintiff has sustained permanent and painful and debilitating and disabling injuries, including but not limited to a ruptured intervertebral disk.

8.

The above-described accident and plaintiff's resulting injuries and damages were caused, in whole or in part, by the negligence of defendant, J.E. Borries, Inc., including, but not limited to, the action of its employee, Mike Clancey, as described above, its failure to provide plaintiff with a reasonably safe place to work, its failure to assure that Plaintiff was not required to work under the supervision of such an

irascible and irresponsible supervisor such as the said Mike Clancey, failing to assure that the said Mike Clancey, defendant's employee was properly trained in the performance of his duties, and other negligent acts and omissions which breached the required standard of care and in violation of duties owed to Plaintiff pursuant to 46 U.S.C. § 688.

9.

The negligence of defendant J.E. Borries, Inc, complained of herein legally and proximately caused the injuries and damages sustained by plaintiff as a result of this accident.

10.

On or about December 3, 2003, the barges on which plaintiff sustained injuries was a vessels in navigation owned, operated, and in command and control of defendant J.E. Borries, Inc. and plaintiff was a member of the crew of that vessels entitled to the warranty of seaworthiness.

11.

On or about December 3, 2003, the defendant's barges were unseaworthy for the reasons described in paragraphs 6 and 8 above and in other respects, which unseaworthiness proximately and legally caused plaintiff's injuries and damages.

12.

At all times pertinent hereto, pursuant to the General Maritime Law of the United States of America, defendant, J.E. Borries, Inc., had the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

13.

As a result of the accident described herein, plaintiff Michael E. Stewart has been rendered unfit for duty and requires additional therapeutic or curative medical treatment in order to reach maximum medical improvement and maximum cure.

14.

As of the date of the filing of this Complaint, plaintiff Michael E. Stewart has not reached maximum medical improvement or maximum cure.

15.

Defendant has not provided plaintiff with the maintenance and cure benefits to which he is entitled, and defendant is additionally liable to plaintiff for past and future maintenance benefits at a daily rate to be found at trial, until maximum cure is achieved, and for the cost of all cure incurred until the date of maximum cure.

16.

The negligence of defendant, J.E. Borries, Inc., and the unseaworthiness of the defendant's vessels, have legally and proximately caused damages to Plaintiff, which damages include but are not limited to:

Past physical pain and suffering, including physical disability and impairment, past loss of enjoyment of life and inconvenience in the normal pursuits and pleasures of life $ 500,000.00

| | |
|---|---|
| Future physical pain and suffering, including physical disability and impairment, past loss of enjoyment of life and inconvenience in the normal pursuits and pleasures of life | $1,000,000.00 |
| Past mental anguish and suffering as well as feelings of economic insecurity caused by disability | $ 250,000.00 |
| Future mental anguish and suffering as well as feelings of economic insecurity caused by disability | $ 250,000.00 |
| Past and future lost wages and diminished earning capacity | $ 200,000.00 |
| Future medical and life care expenses | $ 50,000.00 |
| Past medical expenses | $ 25,000.00 |

17.

Plaintiff is entitled to and prays for trial by jury on all issues raised herein.

WHEREFORE, Plaintiff, Michael E. Stewart, prays that after due proceedings are had and after the expiration of all legal delays, there be judgment rendered herein in favor of plaintiff and against defendant J. E. Borries, Inc. including, but not limited to, plaintiff's pain and suffering; past and future medical expenses; and lost and future wages;

Plaintiff further prays that all amounts be awarded to him with legal interest from December 3, 2003, or from such other date as is determined by the finder of fact and allowed by law, that plaintiff be awarded all costs of this civil action, that there be trial by jury on all issues raised herein, and for all other general and equitable relief.

Respectfully submitted this the 9 day of March, 2006.

**GEORGE AND GEORGE, LTD.**
James A. George
11505 Perkins Road
Building II, Suite D
Baton Rouge, Louisiana 70810
Telephone: (225) 769-3064
Fax: (225) 766-9974
e-mail: jimg@georgeandgeorge.com
Website: www.georgeandgeorge.com

- and -

**RALPH P. KING, II and ASSOCIATES, PLLC**
1117 Washington Avenue
P. O. Box 628
Ocean Springs, MS 39566-0628
Telephone: (228) 875-7178
Fax: (228) 875-1978
MSB: 9598
e-mail: ralph@rpkinglaw.com

BY: ______________________
RALPH P. KING, II

**PLEASE SERVE:**
J. E. Borries, Inc.
Through its registered agent
Roxanna B. Borries
16701 Hwy. 57
Vancleave, MS 39565