IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL E. STEWART** | § | **PLAINTIFF** |
| | § | |
| **VERSUS** | § | **CIVIL ACTION NO. 1:06CV187-LG-JMR** |
| | § | |
| **J.E. BORRIES, INC.** | § | **DEFENDANT** |

### ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(B) AND DENYING MOTION FOR NEW TRIAL

BEFORE THE COURT is [91] Plaintiff's Renewed Motion for Judgment as a Matter of Law Pursuant to FRCP 50(b) and [93] Motion for New Trial.  Defendant J.E. Borries, Inc. has responded in opposition.  In both motions, the issue before the Court is whether the jury was compelled to find he was a seaman, because he was assigned to a vessel.  The Court has reviewed the parties' briefs, the record and the relevant legal authority.  The motions are denied.

### FACTS AND PROCEDURAL HISTORY

The threshold issue at the trial of this matter was whether Plaintiff Michael E. Stewart was a seaman.  If so, the remaining issues were whether he was injured from Borries or its employee's negligence, from the unseaworthiness of a Borries vessel, and whether Stewart was entitled to cure.  The jury did not find by a preponderance of the evidence that he was a seaman.  Specifically, the jury found he was not " assigned permanently to a vessel [n]or performed a substantial part of his work on a vessel" and " the capacity in which the Plaintiff was employed or the duties that he performed [did not contribute] to the function of a vessel's mission [n]or to the accomplishment of a vessel's mission [n]or to the operation [n]or maintenance of a vessel during its movement."  (Jury Verdict).  A final judgment was entered on March 3, 2008.  Stewart timely filed his post-judgment motions on March 11.

**DISCUSSION**

<u>JUDGMENT AS A MATTER OF LAW</u>

Stewart argues that he is entitled to judgment as a matter of law that he was a seaman "as he was assigned to a 'vessel.'" (Pl.'s Mot. J. as a Matter of Law at 2). He does not challenge the remainder of the jury's findings that negated seaman status (e.g., the duration of his connection to the barges). He likewise does not take issue with the jury instructions. Borries responds that even assuming the barges were vessels, seaman status remained a jury question. The Court agrees.

In deciding whether to grant judgment as a matter of law, the Court must consider the evidence and all reasonable inferences in the light most favorable to the verdict and determine whether there is substantial evidence to support the verdict. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997) (overruled on other grounds by *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 354 (2006)); *Nat'l Car Rental Sys., Inc. v. Better Monkey Grip Co.*, 511 F.2d 724, 730 (5th Cir. 1975). Judgment as a matter of law is proper if reasonable men could not arrive at a contrary verdict. *Mattern*, 104 F.3d at 705.

"The seaman inquiry is a mixed question of law and fact, and it often will be inappropriate to take the question from the jury." *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (U.S. 1997). "Nevertheless . . . 'a directed verdict is mandated where the facts and the law will reasonably support only one conclusion.'" *Id.* (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991)). To qualify as a seaman, (1) "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission," and (2) a seaman must have a "connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*,

515 U.S. 347, 368 (1995).  *See also*, *Cain v. Transocean Offshore USA, Inc.*, No. 05-3463 at 7 (5th Cir. Feb. 21, 2008) ("whether the employee is assigned permanently to a vessel in navigation or performs a substantial part of his work on the vessel").

"The inquiry into the nature of the employee's connection to the vessel must concentrate on whether the employee's duties take him to sea." *Harbor Tug*, 520 U.S. at 555.  In other words, a seaman is a "sea-based maritime [employee] whose work regularly exposes [him] to the 'special hazards and disadvantages to which they who go down to sea in ships are subjected.'" *In re Endeavor Marine*, 234 F.3d 287, 291-92 (5th Cir. 2000) (quoting *Chandris*, 515 U.S. at 369-70).  The *Chandris* court explained the duration element of the test by stating, "A maritime worker who spends only a small fraction of his working time on board a vessel is fundamentally land based . . . regardless of what his duties are." *Id.* at 371.  "[S]ubstantiality in this context is determined by reference to the period covered by the . . . plaintiff's maritime employment." *Id.* The rule of thumb is that a worker who spends less than thirty percent of his time in service of a vessel should not qualify as a seaman. *Id.*

Stewart, James Stewart, and Jason Borries revealed that Stewart had made prior inconsistent statements as to whether or not he considered himself to be a seaman.  Beside this admission, there was further evidence that Stewart did not have more than a sporadic connection with any of the company's tug boats or barges, whether vessels or not.   Stewart described his work history with Borries as off and on from 1993 to 2003.  He performed both longshore and seaman work.  After he injured his arm in 1999, he was on a call as needed basis.  Captain Joe Stewart testified that Stewart was not a "regular" deckhand employee.  Ron and Red were the "regular" deckhands who would accompany Captain Joe.  Roxanna Borries stated that Stewart "worked very sporadically.  Sometimes maybe a day in a year or a couple days in a year."  Jason

Borries testified that after Stewart injured his arm in 1999, he did not work for Borries again until 2001. From then on, he only worked on docks (decking piers and pile driving). The only exception was that in approximately April of 2003, Stewart performed boat handling and operations duties at a digging and construction job at Pelican Point. The job accounted for twenty out of the 243 and a half hours he worked that year.

This evidence is sufficient for a reasonable jury to conclude that Stewart was not a seaman. Besides his own admissions, the evidence indicates he worked less than ten percent of his time as a traditional deckhand and more than ninety percent as a longshore construction worker. Additionally, the testimonies of James, Clancy, Register, and Mr. Borries indicate Stewart was working as a longshoreman on the date in question.

There is credible evidence that Stewart did not have a substantial connection to, nor perform a substantial part of his work aboard the barges (whether vessels or not). Even if vessel status was not a jury question in this case, Stewart is still not entitled to judgment as a matter of law as to seaman status. The Court need not discuss the remainder of the seaman status inquiry. The jury's verdict is supported by the evidence.

NEW TRIAL

Likewise, Stewart requests a new trial, and asserts that since he is entitled to judgment as a matter of law on seaman status, he is entitled to a new trial on Jones Act negligence, unseaworthiness and cure. " The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). The Court "may set aside the verdict and grant a new trial, if the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice,

even though there may be substantial evidence which would prevent the direction of a verdict." *National Car*, 511 F.2d at 730-31.

The Court finds the evidence was in dispute as to whether Stewart was a seaman. In particular, Stewart testified that eighty-five percent of his time was devoted to traditional seafaring duties as opposed to pier construction. However, the Court finds that the jury's verdict is not against the clear weight of the evidence. Given Stewart's inconsistencies on his work status as well as other various topics, the jury was presented with a classic credibility question. The jury resolved that question in Borries's favor, which was within the jury's province. The motion for new trial is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff's Renewed Motion for Judgment as a Matter of Law Pursuant to FRCP 50(b) [91] is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff Michael E. Stewart's [93] Motion for New Trial is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE